IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MICHELLE RASBERRY, individually
and on Behalf of Others Similarly Situated                                    PLAINTIFF

V.                                    CASE NO. 1:16-CV-1074

COLUMBIA COUNTY, ARKANSAS                                                    DEFENDANT

## ORDER

Before the Court is Plaintiff's Motion for Rule 23 Class Certification. ECF No. 18. Defendant has filed a response. ECF No. 20. Plaintiff has filed a reply. ECF No. 23. Defendant has further filed a supplemental response. ECF No. 32. Plaintiff has, likewise, filed a supplemental reply.[1] ECF No. 34. The Court finds this matter ripe for consideration.

## I. BACKGROUND

Plaintiff filed her Complaint on August 4, 2016. ECF No. 1. Plaintiff seeks relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. §§ 11-4-201, *et seq.* ECF No. 1, ¶ 1. Plaintiff claims that Defendant failed to pay her, and others similarly situated, overtime compensation for all hours worked in excess of 171 hours in a twenty-eight consecutive day work period. ECF No. 1, ¶ 1. Specifically, Plaintiff alleges that Defendant has "misclassified [Plaintiff and all those similarly situated] as exempt from the overtime requirements of the FLSA . . . and the AMWA[.]" ECF No. 1, ¶ 9. Plaintiff claims that she was a salaried employee employed by

---

[1] Neither Defendant nor Plaintiff sought or were given leave to file supplemental pleadings and Plaintiff requests that Defendant's supplemental response be stricken. However, although the Court notes that both parties should have sought leave to file their supplemental pleadings, the Court will consider those filings solely in the name of judicial economy.

Defendant and "was routinely required to work off-the-clock in excess of 171 hours in a 28-day work period and was not allowed to report all hours worked, including overtime." ECF No. 1, ¶¶ 15, 18. The Court conditionally certified Plaintiff's FLSA collective action on January 31, 2017. ECF No. 25. Upon completion of the FLSA opt-in period, only six individuals, including Plaintiff, had consented to be part of Plaintiff's FLSA collective action. ECF Nos. 11, 12, 27, 28, 29.

As for Plaintiff's AMWA claim, Plaintiff seeks recovery individually and collectively, proposing to "represent the class [of] salaried jailors who are/were employed by Defendant within the relevant time period." ECF No. 1, ¶ 51. In the present motion, Plaintiff asks the Court to certify a Federal Rule of Civil Procedure ("FRCP") 23 AMWA class with the following description:

> All of Defendant's salaried jailors (or similar positions) who worked in the State of Arkansas at the Columbia County Jail at any time after August 04, 2013.

ECF No. 18, ¶ 5.

## II. LEGAL STANDARD

Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 23. Federal Rule of Civil Procedure 23 ("Rule 23") states, in relevant part, that:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). These requirements for class certification under Rule 23(a) are commonly referred to as "numerosity, commonality, typicality, and adequacy of representation." *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 330 (1980). In order to be certified under Rule 23, the class must

2

satisfy all four requirements of Rule 23(a) and one of the three subsections of Rule 23(b). *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005). In the present action, Plaintiff asserts that she has met the requirements of Rule 23(b)(3). ECF No. 19, p. 14. Rule 23(b)(3) states:

> A class action may be maintained if Rule 23(a) is satisfied and if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3).

On a motion for class certification, the movant has the burden to affirmatively demonstrate that the requirements of Rule 23 are met. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." (emphasis in original)). A court considering a Rule 23 motion must conduct a rigorous analysis to determine whether the movant has satisfied the requirements of Rule 23. *Id*. at 350-51. In order to make this determination, the court may find it necessary to "probe behind the pleadings." *Id*. at 350. The decision whether to certify a class action is within the broad discretion of the district court. *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 436 (8th Cir. 1999). In determining whether to certify a class action, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (internal citations omitted).

## III. DISCUSSION

The Court will address each of the requirements of Rule 23 in turn, first discussing whether Plaintiff has satisfied the requirements of Rule 23(a) and then moving on to Rule 23(b)(3).

### A. Requirements of Rule 23(a)

#### i. Numerosity

To satisfy the numerosity requirement of Rule 23(a), the moving party must demonstrate that the proposed class is so numerous that joinder would be impracticable. FED. R. CIV. P. 23(a)(1). Although no arbitrary rules regarding class size have been established, the plaintiff bears the burden of establishing that numerosity does exist. *Belles v. Schweiker*, 720 F.2d 509, 515 (8th Cir. 1983). "In general, a putative class exceeding 40 members is sufficiently large to make joinder impracticable." *Alberts v. Nash Finch Co.*, 245 F.R.D. 399, 409 (D. Minn. 2007); *see also* WILLIAM B. RUBENSTEIN, NEWBURG ON CLASS ACTIONS § 3:12 (5th ed. 2017) ("[A] class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone.").

In the present case, Plaintiff claims at one point that there are "approximately 45 individuals who worked as jailors" for Defendant (ECF No. 19, p. 8) but later states that "the class consists of forty-one people in addition to Plaintiff" (ECF No. 34, p. 2). Plaintiff bases her calculation on information provided by Defendant pursuant to a Freedom of Information Act request in which Plaintiff requested a list of current and former salaried jailors going back to August 4, 2013. ECF No. 23, p. 4. Plaintiff states that "Defendant provided a list of forty-five names[.]" ECF No. 23, p. 4. Plaintiff has also provided the Court with a spreadsheet reflecting forty-two individuals who would allegedly fall within the class. Accordingly, the Court is satisfied that the proposed class consists of between forty-one and forty-five individuals. As

noted above, a putative class size of forty individuals is generally large enough to make joinder impracticable. As such, the Court finds that Plaintiff has satisfied the numerosity requirement of Rule 23(a)(1).

### ii. Commonality

The second requirement for class certification under Rule 23(a) is that "questions of law or fact common to the class" must be present. FED. R. CIV. P. 23(a)(2). The commonality requirement does not require that every question of law or fact be common to every class member. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982). This requirement may be satisfied when the legal question uniting the class members is substantially related to the resolution of the case. *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995).

Plaintiff asserts that all potential class members suffered under the same allegedly illegal policies and that "answering the question of whether Defendant should have compensated for the overtime hours for one plaintiff will answer the question for all." ECF No. 19, p. 10. Plaintiff further states that each class member's claims present the same issue—whether he or she should have been compensated for overtime hours. ECF No. 19, p. 11. In response, Defendant argues that individual issues such as "whether there are differences in (1) employee duties and responsibilities, (2) employee status and classification, and (3) employee hours worked" will overwhelm alleged common questions.[2] ECF No. 20, p. 5. Defendant further argues that Plaintiff has failed to provide sufficient proof that there are common questions of law or fact uniting all potential class members' claims. ECF No. 20, pp. 4-5. In reply, Plaintiff asserts that to fall within the proposed class, all potential class members must necessarily share factual commonalities

---

[2] Although Defendant makes this argument in regard to the discussion on commonality under Rule 23(a)(2), it is not germane to that issue. Instead, arguments regarding individual claims "overwhelming" common issues are more appropriate in regard to Rule 23(b)(3)'s predominance requirement. As such, the Court will consider this argument in relation to Rule 23(b)(3).

such as being salaried jailors, or in similar positions, employed by Defendant. ECF No. 23, p. 5.

The Court finds Plaintiff's arguments on this issue convincing. Although there may be some uncommon issues, Rule 23 does not require that all questions of law or fact be common. Each potential class member's claim will concern the issue of whether Defendant maintained a policy of misclassifying salaried jailors, or those employed in similar positions, in violation of the AMWA. Accordingly, Plaintiff has met her burden of showing that there are questions of law or fact common to the class.

### iii. Typicality

The third requirement under Rule 23(a) is that the claim or defense of the representative party must be typical of the claims or defenses of the class. FED. R. CIV. P. 23(a)(3). Typicality requires that other members of the class have the same or a similar grievance as the plaintiff. *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996). In general, typicality is established if the claims of all the class members arise from the same event or course of conduct, or are based on the same legal theory. *Paxton*, 688 F.2d at 561-62.

In the case at bar, Plaintiff asserts that she "makes the same sorts of claims as would be typical of the class of jailors she seeks to represent, and those claims are based on the same set of factual circumstances." ECF No. 19, p. 12. In response, Defendant states that Plaintiff has offered no evidence to establish that her claims are typical of all members of the proposed class. ECF No. 20, p. 5. However, Defendant acknowledges that another former employee of Defendant, Kumesha Ward, has signed an affidavit stating that she suffered under the same alleged policy, but states that "at most, Plaintiff has offered evidence to show that her claims are typical of Ms. Ward's claims." ECF No. 20, p. 6.

The Court is satisfied that Plaintiff has shown that her claims are typical of the claims of potential class members. Plaintiff contends that all potential class members suffered under the

6

same alleged policy. Accordingly, the Court finds that class members' claims would almost certainly be similar to Plaintiff's—namely that Defendant misclassified them and failed to pay them overtime wages, in violation of the AMWA. Further, Plaintiff has provided the affidavit of another former employee of Defendant attesting to the same facts contained in Plaintiff's affidavit. ECF No. 14-8. Likewise, four other individuals have chosen to opt-in to Plaintiff's FLSA collective action, further suggesting that her claims are in accord with those of other potential AMWA class members. Therefore, Plaintiff has satisfied this requirement of Rule 23(a).

### iv. Adequacy of Representation

The fourth requirement of Rule 23(a) is that the representative plaintiff will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a)(4). In determining adequacy of representation, the Court makes a two-fold inquiry to determine: (1) whether the class representatives have common interests with members of the class and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel. *Paxton*, 688 F.2d at 561-62.

Plaintiff asserts that she has the same interests as all members of the proposed class "in establishing the impropriety of Defendant's requirement that class members were not entitled to be paid for overtime hours worked." ECF No. 19, p. 13. Further, Plaintiff states that she has no individual claims that would bring her interests into conflict with those of potential class members. ECF No. 19, p. 13. In response, Defendant argues that Plaintiff has failed to offer sufficient evidence to support a finding that she has common interests with proposed class members.

Upon examination of the record, the Court finds that Plaintiff has satisfied this requirement. Plaintiff's allegations and supporting documents make it appear that Plaintiff's

interests are the same as those of potential class members, as Plaintiff and potential class members likely have the same interest in arguing that Defendant's policies and practices run afoul of AMWA requirements. Likewise, up to this point, Plaintiff has vigorously prosecuted the interests of the proposed class. Finally, Plaintiff's counsel has a strong history of representing plaintiffs in wage and hour litigation and there is nothing to suggest Plaintiff's counsel would be unqualified in the instant case. Accordingly, the Court finds that Plaintiff has satisfied this requirement of Rule 23(a).

### B. Requirements of Rule 23(b)(3)

Having found that Plaintiff has satisfied the requirements of Rule 23(a), the Court now moves on to the issue of whether Plaintiff has met her burden under Rule 23(b). As noted above, Plaintiff claims that she has met the requirements of Rule 23(b)(3). ECF No. 19, p. 14. An action may be maintained under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). Rule 23(b)(3) provides a nonexclusive list of factors courts may use to guide a determination of whether a movant has met this standard:

> (A) the class members' interest in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3)(A)-(D).

#### i. Predomination

In regard to the issue of predomination, the Eighth Circuit has stated that "[a]t the core of Rule 23(b)(3)'s predominance requirement is the issue of whether the defendant's liability to all

8

plaintiffs may be established with common evidence." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010). Predominance under Rule 23(b)(3) parallels Rule 23(a)(2)'s commonality requirement in that both rules require that common questions exist. However, the predominance criterion under Rule 23(b)(3) is far more demanding. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). Further, the predomination requirement "tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id.* at 623. To determine if a common question predominates over individual questions, the court looks to the nature of the evidence necessary to make out a *prima facie* case. *Blades v. Monsanto Co.*, 400 F.3d 562, 566 (8th Cir. 2005). If the members of the proposed class need to present evidence that varies from member to member to make a *prima facie* showing on a given question, then it is an individual question. *Id*. If the same evidence will suffice for each member to make a *prima facie* showing, then it is a common question. *Id.*

In the present case, Plaintiff argues that "Defendant's liability to all class members may be established with common representative evidence." ECF No. 19, p. 18. Plaintiff states that "[a]s already discussed in the section on commonality, the common questions of fact and law cover all the elements of liability in an FLSA case."[3] ECF No. 19, p. 18. In response, Defendant argues that individual issues such as "whether there are differences in (1) employee duties and responsibilities, (2) employee status and classification, and (3) employee hours worked" will overwhelm alleged common questions. ECF No. 20, p. 5. Likewise, Defendant argues that "[s]ince each member of the proposed class would have to produce evidence of their individualized duties, status, pay rate, worked hours, documentation, rank, and a host of other question[s], individualized questions predominate[.]" ECF No. 20, p. 7. In reply, Plaintiff argues that she is "seeking only a liability class, not a damages class, and therefore, differences among

---

[3] The Court believes Plaintiff meant to say "AMWA case."

the individual members' pay rate, hours worked, and rank are not only *not* fatal to the proposed Rule 23 class, but wholly irrelevant." ECF No. 23, p. 7 (emphasis in original). Plaintiff further argues that Defendant's "vague and unclear" concerns are "inadequate to undercut Plaintiff's proof of predomination." ECF No. 23, p. 8.

Although the Court has found that Plaintiff satisfied the commonality requirement of Rule 23(a)(2), the Court is unconvinced that Plaintiff has established that common questions predominate. As noted above, the issue of predominance parallels the Rule 23(a) requirement of commonality, but is a far more demanding standard. Plaintiff relies too heavily on the relationship between Rule 23(a)(2)'s requirement of commonality and Rule 23(b)(3)'s predomination requirement. Further, Plaintiff relies on general statements alleging that class issues predominate, but fails to provide the Court with a detailed argument explaining what is required to make out a *prima facie* case under the AMWA or how the common questions of law or fact will predominate over individualized questions. Accordingly, though there are certainly common questions that will affect all proposed class members, Plaintiff has failed to establish that common questions predominate.

### ii. Superiority

Moving on to the issue of superiority, Plaintiff states that "Plaintiff's counselors are unaware of any individual who is interested in controlling the prosecution of separate actions." ECF No. 19, p. 19. Likewise, Plaintiff notes that there are no other lawsuits regarding this matter pending in any other court. ECF No. 19, p. 19. Plaintiff further argues that potential class members likely have no desire to bring suit on their own or control the litigation. ECF No. 19, p. 19. Plaintiff also argues that this court is the natural forum for adjudication of all potential class members' claims, as "every member of the proposed class works or worked at Defendant's jail

facility in Columbia County[.]" ECF No. 19, pp. 19-20. Finally, Plaintiff contends that the proposed class will present no difficulties in management, as "all members of the proposed class worked in the State of Arkansas [and therefore] all of their claims are governed by the same body of law." ECF No. 19, p. 20. In response, Defendant simply argues that Plaintiff has failed to establish that a Rule 23 class action suit is a superior method of adjudicating the present controversy, taking the position that joinder of interested parties would be a superior form of adjudication. ECF No. 20, pp. 7-8.

At this point in the litigation, the Court has conditionally certified a FLSA collective action and the opt-in period for that action has passed. During that period, five individuals chose to opt-in to pursue alleged FLSA violations on a collective basis. The class description approved by the Court in that instance was as follows:

> All salaried jailors (or similar positions) employed by Defendant Columbia County, Arkansas who worked in the State of Arkansas at the Columbia County Jail at any time after August 04, 2013.

ECF No. 25. This FLSA collective action class description is strikingly similar to the AMWA Rule 23 class Plaintiff now asks the Court to certify:

> All of Defendant's salaried jailors (or similar positions) who worked in the State of Arkansas at the Columbia County Jail at any time after August 04, 2013.

ECF No. 18, ¶ 5.

Although the fact that only five individuals other than Plaintiff chose to opt-in to Plaintiff's FLSA collective action is interesting, it is in no way dispositive of the present issue of whether Rule 23 class certification is proper for Plaintiff's and potential class members' AMWA claims. However, the fact that so few individuals have chosen to take part in the FLSA collective action causes the Court to seriously question whether a Rule 23 class action is truly superior to other methods in fairly and efficiently adjudicating Plaintiff's and potential class members'

11

AMWA claims. Of course, it would be a mistake to read too deeply into the fact that such a small number have chosen to take part in Plaintiff's FLSA collective action, as the Court would be left to guess at the reasons potential collective action members failed to opt-in. That being said, at one point Plaintiff, in responding to Defendant's contention that perhaps those who have chosen not to opt-in do not want to be part of the lawsuit, argues that "it is even more likely that those who have not opted in fear that they will be retaliated against by Defendant or blacklisted from future employment in the small county." ECF No. 34, p. 3.

Plaintiff's argument that those still employed by Defendant may fear bringing suit rings true to a certain extent, and that reasoning may partially explain why the sixteen[4] or so potential class members still employed by Defendant failed to join the FLSA collective action.[5] However, the argument that those who failed to opt-in to Plaintiff's FLSA collective action fear being "blacklisted" is not very persuasive. Based on the fact that the proposed class, although sufficiently large, is modest and following Plaintiff's reasoning that word of lawsuits travels quickly in Magnolia, Arkansas, and Columbia County, (ECF No. 34, p. 3) those who fear being "blacklisted" would find it necessary to opt-out of a Rule 23 class action if they honestly feared negative future employment consequences.[6] Further, assuming potential class members' fears of being "blacklisted" are real, the Court is hesitant to certify a Rule 23 class and potentially cause some individuals to take part in a lawsuit they have no desire to join. Plaintiff may argue that

---

[4] Plaintiff claims that only "[s]eventeen of the forty-one potential class members were still employed by Defendant at the time the class list was produced." ECF No. 34, p. 3. At this time it appears that at least one of those seventeen has since left his employment with Defendant (ECF No. 34-2) thereby bringing the number of potential class members still employed by Defendant to sixteen.

[5] Although Plaintiff initially provided little support for this assertion, in her supplemental reply she has included the affidavit of a former employee of Defendant, Donnie Dodd, who states that he was reluctant to join Plaintiff's FLSA collective action while still an employee out of fear of retaliation and "of being blacklisted by future employers in the county and surrounding areas." ECF No. 34-2, ¶ 5. Likewise, Mr. Dodd states that he spoke with other employees who shared his fears. ECF No. 34-2, ¶ 7.

[6] Although larger Rule 23 class actions provide some level of anonymity for class members, in the case of such a small class consisting of individuals who live in and around a small town in a rural county such anonymity would likely be lost.

such concerns are illusory, as fearful class members could simply opt-out. However, if that were to happen, there would be very few individuals left in the proposed class. Likewise, Plaintiff and five other individuals chose to join the conditionally certified FLSA action—if those individuals were able to overcome their fears of being "blacklisted," it is unclear why others could not be expected to do the same if they felt their rights under the AMWA had been violated.

Furthermore, although Plaintiff has made cursory arguments regarding the nonexclusive list of factors courts may consider in making the present determination, those contentions are largely conclusory. Accordingly, the Court is unconvinced that a Rule 23 class action is superior to other available methods for fairly and efficiently adjudicating Plaintiff's and potential class members' AMWA claims.

### IV. CONCLUSION

Having concluded that Plaintiff has failed to meet the predominance and superiority requirements of Rule 23(b)(3), the Court finds that Plaintiff's Motion for Rule 23 Class Certification (ECF No. 18) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 31st day of July, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge