IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**MICHELLE RASBERRY, Individually**                                   **PLAINTIFFS**
**and on Behalf of Others Similarly Situated,**
**and KUMESHA WARD, JACOB CAIN and**
**JOHNNY HAYNES, Each Individually**

vs.                                        No. 1:16-cv-1074-SOH

**COLUMBIA COUNTY, ARKANSAS**                              **DEFENDANT**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiff Michelle Rasberry, individually and on behalf of all others similarly situated, and Kumesha Ward, Jacob Cain and Johnny Haynes, each individually, (collectively "Plaintiffs"), by and through their attorneys Stacy Gibson, Chris Burks and Josh Sanford of the Sanford Law Firm, PLLC, and for their First Amended and Substituted Complaint—Collective Action against Defendant Columbia County, Arkansas ("Defendant"), do hereby state and allege as follows:

**I.**

## JURISDICTION AND VENUE

1.      Plaintiff Michelle Rasberry ("Rasberry"), individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Rasberry and all others similarly

situated overtime compensation for all hours that Rasberry and all others similarly situated worked in excess of 171 hours in a 28 consecutive day work period.

2.      Plaintiffs individually bring this action under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs overtime compensation for all hours that Plaintiffs worked in excess of 171 hours in a 28 consecutive day work period.

3.      The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

5.      Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.      Plaintiffs were employed by Defendant in the Western District of Arkansas. Therefore, the acts alleged in this Complaint had their principal effect within the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.

## THE PARTIES

8.      Plaintiff Michelle Rasberry is a citizen of Columbia County and a resident and domiciliary of the State of Arkansas.

9.      Plaintiff Kumesha Ward is a citizen of Columbia County and a resident and domiciliary of the State of Arkansas.

10.      Plaintiff Johnny Haynes is a citizen of Columbia County and a resident and domiciliary of the State of Arkansas.

11.      Plaintiff Jacob Cain is a citizen of Clark County and a resident and domiciliary of the State of Arkansas.

12.      At all times material herein, Rasberry and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

13.      At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the AMWA.

14.      At all times material herein, Rasberry and those similarly situated have been misclassified by Defendant as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

15.      At all times material herein, Plaintiffs have been misclassified by Defendant as exempt from the overtime requirements of the AMWA, A.C.A. § 11-4-211.

16.      Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer.

17.     Defendant Columbia County, Arkansas operates the Columbia County Jail where Plaintiffs were employed during the three (3) years preceding the filing of the Original Complaint.

18.     Defendant can be served through Columbia County Judge, Larry D. Atkinson, #1 Court Square, Magnolia, Arkansas 71753.

19.     Defendant has more than four employees.

### III.

### FACTUAL ALLEGATIONS

20.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

21.     At all times relevant to the allegations in this Complaint, Plaintiffs were salaried employees at the Columbia County Jail located in Magnolia, Arkansas.

22.     At all times material herein, Plaintiffs was employed by Defendant as Jailors.

23.     The Columbia County, Arkansas' Employment Policy states as follows in relevant part:

> B.  The normal work period shall be 40 hours per week for all employees except employees engaged in the provision of law enforcement and ambulance services.  The normal workweek for law enforcement and ambulance personnel shall be no more than 171 hours in a 28 consecutive day work period.
>
> C.  Overtime shall only be worked in emergencies or when public health, welfare, and the safety of general community is in danger.
>
> D. Only employees defined by the Fair Labor Standards Act (Title 29, Part 541 or the Code of Federal Regulation) as "non-exempt" (other than "bonafide executive, administrative, or professional capacity") will be entitled to overtime compensation.

E. the County's non-exempt employees shall receive, in lieu of overtime pay, compensatory time off at a rate of one and one half hours for each hour of time worked in excess of the normal work period.

See ECF No. 5.

24.     Plaintiffs were routinely required to work off-the-clock in excess of 171 hours in a 28-day work period and were not allowed to report all hours worked, including overtime.

25.     Defendant knew about Plaintiffs' working off-the-clock in excess of 171 hours in a 28-day work period and required them to do so.

26.     Defendant did not pay Plaintiffs any overtime and Plaintiffs were not entitled to any overtime compensation because they were misclassified as salaried employees and non-exempt from the requirements of the FLSA.

27.     Plaintiffs' job is one of the entry-level positions at the jail. Plaintiffs' job duties include watching and supervising the inmates, booking the inmates upon their arrival to the jail, filling out information on the inmates' prescriptions, filling mediations, preparing TB syringes, doing doctors' calls, interviewing inmates about their medical history, setting up medication labels, and entering medications in the guardian system for the sergeant on duty.

28.     Plaintiffs spent the majority of their workday in the control room of the jail opening doors and answering the phone, checking people for visitation, booking, and doing cell checks every hour along with passing meals and picking up forms, picking up laundry and passing out laundry to inmates.

29.     During the course of their employment, Plaintiffs did not manage the enterprise or a customarily recognized subdivision of the enterprise.

30.     Plaintiffs did not select any employees for hire nor did they provide any formal training for any employees.

31.     Plaintiffs had no ability to hire and fire any employee.

32.     Plaintiffs did not have any control of or authority over any employee's rate of pay or working hours.

33.     Plaintiffs did not maintain or prepare production reports or sales records for use in supervision or control of the business.

34.     Similarly, Plaintiffs did not have any responsibility for planning or controlling budgets.

35.     Plaintiffs regularly worked in excess 171 hours in a 28-day work period and did not receive any overtime compensation.

36.     Upon information and belief, for at least three (3) years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

### IV.

### COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

38.     Rasberry brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

39.     Rasberry brings her FLSA claims on behalf of all salaried jailors who were employed at the Columbia County Jail who were or will be employed by Defendant at any time within the applicable statute of limitations period, who were classified by

Defendant as exempt from the overtime requirements of the FLSA and are entitled to payment of the following types of damages:

a.      Minimum wages for all hours worked;

b.      Payment for all hours worked, including overtime premiums for all hours worked for Defendant in excess of 171 hours in a 28 consecutive day work period; and

c.      Liquidated damages and attorney's fees.

40.      In conformity with the requirements of FLSA Section 16(b), Rasberry has filed a written Consent to Join this lawsuit.  ECF No. 5.

41.      The relevant time period dates back three years from the date on which Rasberry's Original Complaint—Collective and Class Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

42.      The members of the proposed Salaried FLSA Class are similarly situated in that they share these traits:

A.      They were classified by Defendant as exempt from the minimum wage and overtime requirements of the FLSA;

B.      They shared the same job title;

C.      They performed the same non-managerial duties; and

D.      They were subject to Defendant's common policy of denying overtime pay to salaried Jailors.

43.      Rasberry is unable to state the exact number of the potential members of the Salaried FLSA Class but believes that the class exceeds twenty (20) persons.

44.     Defendant can readily identify the members of the Section 16(b) classes. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Rasberry's FLSA claim.

## V.

## FIRST CAUSE OF ACTION

### (Individual Claim for Violation of the FLSA)

45.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

46.     Rasberry asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47.     At all relevant times, Defendant was Rasberry's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

48.     Despite the entitlement of Rasberry to minimum wage and overtime payments under the FLSA, Defendant failed to pay Rasberry an overtime rate of one and one-half times her regular rate of pay for all overtime hours worked. Defendant's failure to pay Rasberry all overtime wages owed was willful.

49.     By reason of the unlawful acts alleged herein, Defendant is liable to Rasberry for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.

## SECOND CAUSE OF ACTION

### (Individual Claims for Violation of the AMWA)

50.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

51.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq*.

52.     At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

53.     Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiffs for all hours worked including overtime.

54.     Defendant willfully failed to pay overtime wages to Plaintiffs and the members of the proposed class.

55.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VII.

## THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

56.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

57.    Rasberry, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58.    At all relevant times, Defendant has been, and continues to be, an "employer" of Rasberry and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

59.    Defendant misclassified Rasberry and all similarly situated members of the Salaried FLSA Class as exempt from the overtime requirements of the FLSA, when in fact they were non-exempt employees entitled to overtime pay.

60.    Despite the entitlement of Rasberry and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Rasberry and all those similarly situated for all hours worked, including overtime. Defendant willfully failed to pay overtime wages to Rasberry and to others similarly situated.

61.    By reason of the unlawful acts alleged herein, Defendant is liable to Rasberry and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Michelle Rasberry, individually on behalf of herself and all others similarly situated, and Kumesha Ward, Jacob Cain and Johnny Haynes, each individually, respectfully prays as follows:

A.      That Defendant be summoned to appear and answer this Complaint;

B.      For orders regarding certification of and notice to the proposed collective

and class members;

C.      For an order of this Honorable Court entering judgment in her favor

against Defendant in an amount to be determined at trial;

D.      For liquidated damages as provided for under the FLSA and the AMWA;

E.      For punitive damages in an amount to be determined at trial;

F.      For their attorneys' fees, costs, and pre-judgment interest; and

G.      For such other and further relief as this Court deems necessary, just and

proper.

Respectfully submitted,

**MICHELLE RASBERRY, Individually
and on Behalf of All Others Similarly
Situated, and KUMESHA WARD,
JACOB CAIN and JOHNNY HAYNES,
Each Individually, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:  Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and  Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

and  */s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on date imprinted by the CM/ECF system, a true and correct copy of the foregoing AMENDED COMPLAINT was filed via the CM/ECF system and that the attorneys named below have consented to the electronic distribution of pleadings by the CM/ECF system:

Michael R. Rainwater, Esq.
Jason E. Owens, Esq.
Rainwater, Holt & Sexton, P.A.
Post Office Box 17250
801 Technology Drive
Little Rock, Arkansas 72222-7250
Telephone: (501) 868-2500
Facsimile: (501) 868-2505
owens@rainfirm.com

*/s/ Josh Sanford*
**Josh Sanford**